### F. H. PIERCE v. THE STATE.

No. 1508. Decided May 25, 1898.

**1. Bail Bond—One Surety.**

Under provisions of article 313, Code of Criminal Procedure, one surety upon a bail bond is sufficient, provided it is made to appear that he is worth double the amount of the sum for which he is bound, etc.

**2. Same—Testing Sufficiency of Surety.**

Article 315, Code of Criminal Procedure, provides the mode for testing the sufficiency of the surety and the affidavit which is to be taken by him. But the requiring of said affidavit from the surety is discretionary with the officer; and, if he is fully satisfied of the sufficiency of the surety, the oath is not necessary, and his failure to require proof of the pecuniary ability of the surety by affidavit or otherwise does not render the bond void.

APPEAL from the District Court of Webb. Tried below before Hon. A. L. McLEAN.

Appeal from a judgment final upon a forfeited appearance bail bond in the sum of $500.

No statement required.

*C. A McLean,* for appellant—A bail bond, to be a valid and legal undertaking, must strictly conform to statutory rules, and among its requirements is that it must be signed by the principal and his sureties, or if but one, his qualifications must be tested in double the amount of the bond, etc., in the mode and manner presented by law.

The bond was taken and approved without administering the statutory oath of qualification, nor was there evidence adduced on the trial before the justice court showing that said one surety possessed the qualifications required of him by law. Code Crim. Proc. arts. 284, 291, 295, and subdiv. 4 of art. 288; Wallen v. State, 18 Texas Crim. App., 414; Turner v. State, 14 Texas Crim. App., 168.

*W. W. Walling* and *Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, Judge.—This appeal was prosecuted from a judgment final in the District Court of Webb County on a forfeited bail bond, executed by J. G. Brito and Frank H. Pierce as surety. The record discloses that Brito had been arrested on a charge of assault with intent to commit rape on a warrant issued by the justice of the peace, and this bond was executed for his appearance before said court as an examining court. He failed to attend the examining trial and the bond was forfeited. Upon the final hearing before said justice of the peace, judgment final was entered against J. G. Brito and his surety, appellant herein. It was contended in the Justice Court, and also on appeal to the District Court, that the bond was not sufficient, because only one surety had signed the same, and the bond itself does not show that it was made to appear that he was worth double the amount required of him as surety upon said bond. It was also urged that the bond was invalid, because it failed to recite any offense against the law. These matters were overruled, and the judgment final was entered. When the case was called for trial in the District Court, motion was made to dismiss the appeal there because it is alleged that no indictment had been preferred against Brito by the grand jury. The bond is sufficient on its face, and recites an offense against the law. An assault with intent to commit rape is a violation of the statutory law of Texas. Nor was the bond rendered invalid by reason of being signed by only one surety, nor by the failure of the officer to indorse on the bond, or the State to prove on the trial, that the surety, Pierce, was worth double the sum for which he was bound on the bond. Article 313 of the Revised Code of Criminal Procedure provides that "it is the duty of every court, judge, magistrate, or other officer taking bail, to require evidence of the sufficiency of the security offered, but in every case one surety shall be sufficient if it be made to appear that such surety is worth double the amount of the sum for which he is bound, exclusive of all property exempt by law from execution and all debt or other incumbrances, that he is a resident of this State, and that he has property therein liable to execution worth the sum for which he is bound." Article 315 provides: "In order to test the sufficiency of the security offered to any recognizance or bail bond, unless the court or officer taking the same is fully satisfied as to the sufficiency of this security, the following oath shall be made in writing and subscribed by the surety: [Then follows the oath, which is in accordance with article 313, above quoted.]" So it will be seen that it is largely discretionary with the officer taking the bond as to whether this oath shall be taken. If said officer is fully satisfied of the sufficiency of the surety, this oath is not necessary, though it may be required. And even where the oath is taken it is not binding upon the officer, but he may seek information from other sources, or even reject the proffered security, if he is not fully satisfied of the sufficiency of said offered security. The failure of the officer to

require this proof, either by the affidavit or otherwise, does not render the bond invalid, because, where the officer is satisfied of the sufficiency of the security, it would be unnecessary to require the affidavit or seek other evidence. The end and object of the law in this regard is simply to have sufficient bond to require the presence of the accused at the time and place set for his trial, and, in case of his failure to appear, that the bond will be a valid obligation, and collectible according to its terms and stipulations. The other questions suggested by the record we deem without merit, and the judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.