### EMMA HIGHTOWER v. THE STATE.

No. 2386. Decided April 2, 1913.

**1.—Local Option—Contest—Collateral Attack.**

Where the election for local option was not contested under article 5728, Revised Civil Statutes, it must be conclusively presumed that a valid and binding election was had, and the same can not be reviewed collaterally.

**2.—Same—Evidence—Statutes Construed—Witness.**

Under article 815, Code Criminal Procedure, the court did not err in admitting testimony by the chief State's witness to the effect that he did testify before the grand jury that he was the purchaser named in the indictment and gave the money to the defendant for the whisky, the witness first having testified that he did not deliver the money to the defendant.

**3.—Same—Sufficiency of the Evidence.**

Where the alleged purchaser of the whisky first stated that he did not deliver the money to the defendant, but afterwards stated that he did so testify before the grand jury and now so testified before the jury, and this testimony

was corroborated by another State's witness, the conviction of a violation of the local option law was sustained.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $30 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of violating the local option law, and her punishment assessed at a fine of $30 and twenty days imprisonment in the county jail.

The election is shown to have occurred on the 8th day of March, 1906, and so far as this record discloses this election was never contested. Article 5728 of the Revised Statutes provides for the contest of election on this question, and states that after the expiration of the time named therein and no contest is filed, it shall be conclusively presumed that a valid and binding election has been had. Consequently those bills seeking to bring into review the validity of the orders can not be considered.

The indictment in this case charged a sale of intoxicating liquors by appellant to Jude McKnight. The State introduced Jude McKnight, who testified that he and Henry Bush went to the house of appellant and got some whisky from her. He further testified that "he gave Henry Bush seventy-five cents before they got to the house, and Bush got the whisky and delivered appellant the money; that they got a quart of whisky; that he in person did not buy the whisky, but Bush bought it." When the witness had thus testified the State was permitted to ask him if he did not testify before the grand jury that he (McKnight) gave the money to appellant in the south room near the machine and she gave him a quart of whisky, and he admitted he had so testified. Appellant objected to the State being permitted to thus examine its witness. Under article 815 of the Code of Criminal Procedure the court did not err in admitting the testimony. However, appellant is correct in stating that the State could not rely upon what the witness had testified before the grand jury to sustain its contention, and if this was all the testimony, the evidence would be insufficient. After being asked in regard to what he had testified before the grand jury, the witness, in addition to admitting what he had testified before the grand jury, then testified on the trial of this case: "I did go into defendant's room and she delivered me a quart of whisky, and I paid her seventy-five cents." On cross-examination the witness denied pay-

ing the money to appellant and denied getting the whisky. The testimony of this witness is very unsatisfactory, and we would be unwilling to sustain a conviction thereon alone, but the State also introduced Henry Bush, who testified he went with McKnight to appellant's house, and that McKnight did obtain the whisky from appellant. The jury under this testimony passed on the issue, and we will not disturb the verdict, and there was no error in refusing the peremptory instructions requested by appellant.

The judgment is affirmed.

*Affirmed.*