## JAKE LOOPER v. THE STATE.

### No. 7919.  Decided December 12, 1923.

### Rehearing Denied January 16, 1924.

**1.—Selling Intoxicating Liquor—Practice on Appeal.**

When testimony is admitted without objection, complaint thereof in motion for new trial does not suffice to present reversible error. This is also true when the charge of the Court is not excepted to in any manner at the time of trial.

**2.—Same—Practice on Appeal—Practice in Trial Court.**

No objection having been made to the introduction of the testimony on the trial of the case, complaint of the action in the trial Court in admitting the same, when first presented in motion for a new trial, brings before this Court no reversible error.

**3.—Same—Rehearing—Duty of Trial Judge.**

It is not the duty of the Trial Judge to interpose an objection to a question which is not objectionable upon its face, and it is permissible to ask appellant if he has been indicted or convicted for selling intoxicating liquor. And this Court indulges no presumption against the correctness of the officers of the law, and finds nothing in the record which justifies the assumption in the argument of appellant that the State's attorney knew that the defendant was going to give an answer which would be incompetent. Besides, the proof of the guilt of defendant is clear and there is no reversible error. Distinguishing Stull v. State, 47 Texas Crim. Rep., 548 and other cases.

Appeal from the District Court of Johnson. Tried below before the Honorable Irwin T. Ward.

Appeal from a conviction of selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. K. Russell,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General for the State.—On question of objections to charge, Castlebury v. State, 88 Texas Crim. Rep., 502; Clark v. State, 90 id., 613; Burkhalter v. State, 247 Texas Crim. Rep., 239.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Johnson County of selling intoxicating liquor, and his punishment fixed at two years in the penitentiary.

It appears from the record that appellant was not represented by an attorney upon his trial. There is what purports to be a bill of exceptions which does not seem to follow any rules laid down by us in regard to such bills. If we understand same it attempts to present for the first time in appellant's motion for new trial, that the court committed fundamental error in the admission of certain testimony. It is also set forth in said purported bill of exceptions that the court committed fundamental error in refusing in his charge to the jury to limit the purpose for which certain testimony was admitted. It is not claimed that there was any exception taken upon the trial to the charge of the court in any particular. We regret the necessity of saying that the matters thus attempted to be raised can not be considered by us. When testimony is admitted without objection, complaint thereof in motion for new trial does not suffice to present reversible error. This is also true when the charge of the court is not excepted to in any manner at the time of trial.

The testimony in the case is short and clear. Henry Adair testified that he bought a quart of corn whisky from appellant and paid him $3.50 for it. Appellant denied making such sale and introduced as a witness his son who said that he had a conversation with Adair in which Adair said he did not know appellant. These matters were before the jury and have been settled by them adversely to appellant. In his motion for new trial he complains of the admission of the testimony above referred to, same being proof of the fact that appellant had been convicted of selling whisky in Johnson County under what is known as the old local option law. On the hearing of said motion proof was offered in support of this fact. We repeat that no objection having been made to the introduction of the testimony on the trial of the case, complaint of the action of the trial court in admitting same, when first presented in motion for new trial, brings before this court no reversible error, and an affirmance will be ordered.

*Affirmed.*

January 16, 1924.

LATTIMORE, JUDGE.—Appellant renews substantially the same contentions made by him in the original presentation of this case. He seems to think that it was the duty of the learned trial judge because the accused had no lawyer, to interpose objections and in some way prevent the introduction of evidence to which no objection was made upon the trial and which is now urged as erroneously allowed. When appellant was testifying in his own behalf he was asked by the State's attorney if he had ever been convicted for selling intoxicating liquor and replied that he had pleaded guilty a good while ago and had gone to the road. It is urged that the trial judge committed reversible error in admitting this testimony because it was shown upon the motion for new trial that the matter referred to by the appellant in his testimony was a plea of guilty to selling liquor under what is known as the local option law, the offense being a misdemeanor. Appellant cites Hightower v. State, 70 Texas Crim. Rep., 48, 165 S. W. Rep., 185, as evidencing the opinion of this court that same was a misdemeanor not involving moral turpitude. It is also insisted that the offense inquired about was too remote to have affected the credibility of appellant as a witness, even if the matter was competent, and Stull v. State, 47 Texas Crim. Rep., 548; McGill v. State, 71 Texas Crim. Rep., 443, 160 S. W. Rep., 353, and Vick v. State, 71 Texas Crim. Rep., 50, 159 S. W. Rep., 57, are cited. None of said authorities nor any known to us uphold the proposition that it is the duty of the trial judge to interpose an objection to a question which is not objectionable upon its face. It was permissible to ask appellant if he had been indicted or convicted for selling intoxicating liquor. There is not even a suggestion that the learned trial judge knew that appellant was going to give an answer which would refer to his conviction of some misdemeanor transaction. This court indulges no presumptions against the correctness of the action of the officers of the law and finds nothing in the record which justifies the assumption in the argument on the part of appellant that the State's attorney knew that the defendant was going to give an answer which would be incompetent. The contentions made by appellant in both regards are without support in the record. Nor do the authorities seem to hold that the admission of such evidence would require a reversal even if erroneously admitted, when the proof of guilt is clear. The Vick case cited by appellant contains the following statement in the opinion: "Admission of illegal testimony will not constitute reversible error unless some injury is shown or reasonably made to

appear.'' The facts showing appellant's guilt herein were plain and the proof thereof direct. The matter inquired about by the State's attorney and brought out without objection on the part of appellant manifestly related to a collateral matter.

The motion for rehearing will be overruled.

*Overruled.*