EUGENE FIFTER v. THE STATE.

No. 8571.     Delivered April 29, 1925.

**Manslaughter—Cross-Examination—Improper—Reversible Error.**

Where state's counsel over objections of appellant was permitted to ask him, and two other witnesses, if he had not been convicted in Henderson County, for two murders, and served two terms in the penitentiary for same, and on assurance of attorney for appellant, that said matters had occurred more than twenty years before, the court then sustained the objection whereupon, disregarding the ruling of the court, state's counsel immediately asked appellant, "How many other negroes have you killed" the cause must be reversed. Following Stroehmer v. State, decided April 22, 1925, McGill v. State. 160 S. W. 353.

Appeal from the District Court of Haskell County.   Tried below'
before the Hon. W. R. Chapman, Judge.

Appeal from a conviction of manslaughter; penalty, three years
in the penitentiary.

The opinion states the case.

*Miller & Miller*, of Athens, and *Ratliff & Ratliff*, of Haskell, for
appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant
State's Attorney, for the State.

BAKER, JUDGE.—Appellant was indicted in Haskell County.
charged with murdering Will McGinnis by shooting him with a
gun, and convicted of manslaughter in said court on December 4,
1924, and his punishment assessed at three years' confinement in the
penitentiary.

The record in this case discloses that both the appellant and
deceased were negroes and that the appellant shot the deceased in
the yard of the appellant late at night while deceased was scratching
upon the screen or working at the window near the bed of a fourteen-
year-old step-daughter of defendant, who, the evidence discloses,
was paralyzed, or partially so, and that the appellant and his wife
had suspicioned somebody about a week before at night of getting
the girl out and having improper relations with her; and on the
night of the homicide, upon hearing the noise at the window, appel-
lant took his gun and went out and shot the deceased in his yard,
after demanding of him to know who he was, and remarked, "You
are here again after this little old girl"; and the testimony further
shows upon the part of the defendant that when he called upon the
deceased to know who he was, deceased reached down as if to get an
ax which was near him, whereupon the defendant fired and shot
the deceased, from the effects of which he died a few minutes there-
after.   The evidence further discloses that the deceased ran and the
appellant ran after him. demanding that he stop and shooting his
gun off in the air with a view of stopping the deceased, and when
the deceased fell appellant remarked," Yes. this is the man that
has been prowling around after my little old crippled girl."

The witness Barrow. for the State, upon cross-examination, after
having testified to having seen the deceased fall and his dying shortly
thereafter, testified that when the defendant came near where de-
ceased fell he remarked, "I have got you and I know now who has
been prowling around my house", to which the deceased replied,
"Yes".

The above is a sufficient statement of the facts for the purposes of this case.

The learned trial judge in his general charge and special charges given at the request of the defendant covered all phases of this case as raised by the testimony, and there is only one question in the case that demands our attention, and that is raised by bill of exception No. 1 to the action of the district attorney in questioning the defendant, while upon the stand on cross-examination, about other crimes and matters outside of the record. The bill discloses that the State's counsel was permitted to ask the defendant and two other witnesses if he had not been convicted in the district court of Henderson county for two murders and if he had not served two terms in the penitentiary for said murders, over objection of the defendant's counsel. It appears that the court, afer being assured by the attorney for the defendant that said matters had occurred more than twenty years prior to said trial, stated that if same were true he would sustain the objection, and after said objection had been sustained the State's counsel immediately asked the defendant: "How many other negroes have you killed?" which question was objected to and objection sustained by the court, the court stating that he understood that these matters occurred more than twenty years ago, both of them, and the court stating to counsel that he would not consider any of the questions concerning said matters further back than ten years.

In view of the testimony in this case, and that the jury gave the defendant more than the minimum punishment, we are unable to reach the conclusion that the conduct of the district attorney was no harmful to defendant. If these alleged crimes inquired about had occurred more than twenty years before the trial, they were too remote under the law to have been inquired into, and the record discloses the fact to be that the district attorney evidently was infirmed, from the manner of interrogation of defendant, of the remoteness of the matters inquired about; and, if not, the record is certain that after the court had sustained the objection to said inquires on account of the remoteness thereof he certainly should not then have asked the defendant how many negroes he had killed. This court has held uniformly that where there is any doubt as the harmful effect of such conduct upon the part of the district attorney it should be resolved in favor of the defendant. Stroehmer v. State, decided by this court on April 22, 1925; McGill v. State, 160 S. W. 353.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.