### FIFER v. STATE.    (No. 8571.)

(Court of Criminal Appeals of Texas. April 29, 1925.)

1. **Criminal law ⚖️706 — District attorney's conduct in asking questions relating to prior convictions of murder held improper.**

In prosecution for murder, conduct of district attorney in asking defendant and two witnesses if defendant had not been convicted of two other murders, and again asking defendant "How many other negroes have you killed?" after objection to first questions had been sustained, on ground that convictions were had more than 20 years prior to trial, was improper and prejudicial to defendant.

2. **Criminal law ⚖️1163(2) — Doubt as to harmful effect of district attorney's conduct is resolved in defendant's favor.**

Where there is any doubt as to harmful effect of district attorney's conduct, it is resolved in defendant's favor.

Commissioners' Decision.

Appeal from District Court, Haskell County; W. R. Chapman, Judge.

Eugene Fifer was convicted of manslaughter, and he appeals. Reversed and remanded.

Ratliff & Ratliff, of Haskell, and Miller & Miller, of Athens, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

BAKER, J. Appellant was indicted in Haskell county, charged with murdering Will McGinnis by shooting him with a gun, and convicted of manslaughter in said court on December 4, 1924, and his punishment assessed at 3 years' confinement in the penitentiary.

The record in this case discloses that both the appellant and deceased were negroes, and that the appellant shot the deceased in the yard of the appellant late at night, while deceased was scratching upon the screen or working at the window near the bed of a 14-year old stepdaughter of defendant, who, the evidence discloses, was paralyzed, or partially so, and that the appellant and his wife had suspicioned somebody about a week before at night of getting the girl out and having improper relations with her; and on the night of the homicide, upon hearing the noise at the window, appellant took his gun and went out and shot the deceased in his yard, after demanding of him to know who he was, and remarked, "You are here again after this little old girl"; and the testimony further shows, upon the part of the defendant, that when he called upon the deceased to know who he was, deceased reached down as if to get an ax which was near him, whereupon the defendant fired and shot the deceased, from the effects of which he died a few minutes thereafter. The evidence further discloses that the deceased ran, and the appellant ran after him, demanding that he stop, and shooting his gun off in the air with a view of stopping the deceased, and when the deceased fell appellant remarked, "Yes; this is the man that has been prowling around after my little old crippled girl."

The witness Barrow, for the state, upon cross-examination, after having testified to having seen the deceased fall and his dying shortly thereafter, testified that when the defendant came near where deceased fell he remarked, "I have got you, and I know now who has been prowling around my house," to which the deceased replied, "Yes."

The above is a sufficient statement of the facts for the purposes of this case.

[1] The learned trial judge, in his general charge and special charges, given at the request of the defendant, covered all phases of this case as raised by the testimony, and there is only one question in the case that demands our attention, and that is raised by bill of exception No. 1 to the action of the district attorney in questioning the defendant, while upon the stand on cross-examination, about other crimes and matters outside of the record. The bill discloses that the state's counsel was permitted to ask the defendant and two other witnesses if he had not been convicted in the district court of Henderson county for two murders, and if he had not served two terms in the penitentiary for said murders, over objection of the defendant's counsel. It appears that the court, after being assured by the attorney for the defendant that said matters

had occurred more than 20 years prior to said trial, stated that, if same were true, he would sustain the objection, and after said objection had been sustained the state's counsel immediately asked the defendant, "How many other negroes have you killed?" which question was objected to and objection sustained by the court; the court stating that he understood that these matters occurred more than 20 years ago, both of them, and the court stating to counsel that he would not consider any of the questions concerning said matters further back than 10 years.

[2] In view of the testimony in this case, and that the jury gave the defendant more than the minimum punishment, we are unable to reach the conclusion that the conduct of the district attorney was not harmful to defendant. If these alleged crimes inquired about had occurred more than 20 years before the trial, they were too remote under the law to have been inquired into, and the record discloses the fact to be that the district attorney evidently was informed, from the manner of interrogation of defendant, of the remoteness of the matters inquired about; and, if not, the record is certain that, after the court had sustained the objection to said inquiries on account of the remoteness thereof, he certainly should not then have asked the defendant how many negroes he had killed. This court has held uniformly that, where there is any doubt as to the harmful effect of such conduct upon the part of the district attorney, it should be resolved in favor of the defendant. Stroehmer v. State, 272 S. W. 163, decided by this court on April 22, 1925; McGill v. State, 71 Tex. Cr. R. 443, 160 S. W. 353.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed, and the cause remanded, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.