## AMEDIS ROMERO V. THE STATE.

No. 10926.   Delivered June 15, 1927.

Rehearing denied November 2, 1927.

Second motion for rehearing denied November 30, 1927..

1.—Transporting Intoxicating Liquor—No Bills of Exception—No Error Presented.

No bills of exception appearing in the record that can be considered the evidence being sufficient to support the judgment, the case is affirmed.

### CERTIORARI TO CORRECT RECORD.

2.—Same—Certiorari to Correct Record—Granted.

Appellant files a motion for a writ of certiorari, directing the clerk of the trial court to bring forward in a supplemental transcript those bills of exception which were omitted from original transcript.   His motion is granted.

### ON REHEARING.

3.—Same—Bills of Exception—Filed Too Late—Cannot Be Considered.

Appellant's three bills of exception brought forward in a supplemental transcript, appear to have been filed more than 90 days from the date his notice of appeal was given and under Subd. 5 of Art. 760, C. C. P. 1925, they cannot be considered, but if considered they present no error.

### ON SECOND MOTION FOR REHEARING.

4.—Same—Impeaching the Defendant—Other Indictments Pending—Properly Admitted.

Having shown by affidavit a valid excuse for failing to file his bills of exception within time, said bills will now be considered.   There was no error, after appellant had testified in his own behalf and denied that there were other indictments pending against him, in permitting the state to prove by the district clerk that he had been formerly indicted for the unlawful possession of intoxicating liquor, and that there were two other felony indictments pending against him at the time of the trial.   See Brazos v. State, 33 S. W. 546, and other cases cited in opinion on second motion for rehearing.

5.—Same—Affidavit for Search Warrant—Bill of Exception—Incomplete.

Where appellant complains of the sufficiency of the affidavit for a search warrant and his bill of exception does not set out the affidavit or warrant, but merely states that the affidavit was insufficient, nothing is presented for our consideration in such bill.   It is essential that the fact or facts upon which the appellant relies shall be set out in his bill and the mere recital of the ground of objection is not a compliance with this rule.   See Robbins v. State, 272 S. W. 175, and other cases cited in opinion on second motion for rehearing.

Appeal from the District Court of Jefferson County.   Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*A. J. Duperier* and *Albert Reagan* of Beaumont, for appellant.

*Sam D. Stinson, State's Attorney, and Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE. — Conviction is for transportation of intoxicating liquor, punishment being one year in the penitentiary.

We find no bills of exception in the record bringing forward complaints for review. The only question is the sufficiency of the evidence. Officers had a warrant authorizing the search of appellant's car. They saw the car passing on the street and followed it, not permitting it to get out of their sight. When the car stopped appellant was under the steering wheel, his wife and daughter on the seat with him. The officers found several gallons of whiskey in the car, some in jugs and some in quart bottles. One quart bottle was on the seat between appellant and his wife. The evidence is more than sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR CERTIORARI.

HAWKINS, JUDGE.—Appellant has filed a motion for rehearing averring therein that the clerk of the trial court omitted from the transcript three bills of exception which had been approved by the trial judge and lodged with the clerk for filing. In connection with his said motion appellant applies for a writ of certiorari commanding the clerk to forward to this court in a supplemental transcript the three bills of exception mentioned. The writ is granted and the clerk will incorporate in a supplemental transcript said bills of exception, showing the date of their filing and forward same to this court.

*Motion granted.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—At the time the judgment of affirmance was rendered no bills of exception appeared in the transcript. In connection with his motion for rehearing appellant prayed for and was granted a certiorari in order to have brought to this

court by supplemental transcript certain bills which he claims should have been in the record. In obedience to such writ of certiorari the bills are now before us and the record with reference thereto reflects that the motion for new trial was overruled on the 12th day of January, at which time the court entered an order granting 60 days from *adjournment* of court in which to file bills of exception. We call attention to the fact that since the adoption of the 1925 revision of the C. C. P. extension of time in which to file bills of exception and statements of fact must be from the date notice of appeal is given. Subd. 5, Art. 760, C. C. P.; Courser v. State, 291 S. W. 239, and cases therein cited.

The bills now in the record do not bear the date of the judge's approval, but do show not to have been filed in the lower court until the 18th day of May, which was more than 90 days from the date of overruling the motion for new trial, and are therefore not entitled to consideration. However, before observing the date of the delayed filing we had examined the bills and none of them reflect error. The first bill complains of the district clerk giving testimony as to certain other cases then pending on the docket against appellant. This evidence might have become admissible in the development of the case and the bills contain no certificate negativing such to be the fact, in the absence of which we must presume the court was correct in his ruling. The other bills complain of the reception of evidence from the officers as to finding whiskey in appellant's car. It is stated as a ground of objection that the search was illegal as based upon an insufficient affidavit, but the affidavit is nowhere set out in the bills and manifestly we are in no position to review the point.

Appellant's motion for rehearing is overruled.

*Overruled.*

### ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In view of the condition of the record and the affidavits filed for the purpose of showing the excuse for the delay in filling the bills of exceptions, a discussion of the motion is doomed expedient.

According to the State's testimony, Officer Foote was possessed of a warrant to search the appellant's automobile. The description of the automobile was given in the search warrant. The witness saw the car upon the street, followed it and ultimately overtook it where the appellant had stopped it. He was riding on the front seat under the steering wheel. His wife

and another lady were riding on the seat with him. Upon searching the car, the officer found a five-gallon jug of whiskey in the back, two one-gallon jugs full of whiskey, another one-gallon jug almost full, and also a quart bottle in between the appellant and his wife. According to the officer not more than five minutes elapsed from the time he first saw the appellant until the search was made; that he was constantly in sight of the witness. The officer said that he handed the search warrant to the appellant.

The wife of the appellant testified that while they were driving they observed a negro following them, and that before the arrest the car had been parked some fifteen minutes; that she was out of the car part of the time; that she had not seen any whiskey in the car and did not know of the presence of the jugs or other containers. The transaction took place at night. She said that there was nothing in the car at the time they left their home.

The appellant testified in his own behalf. From his testimony we take the following quotation:

His testimony was in substance that he went to the Longshoresmen's Hall to meet a negro by the name of Curley, who had control of a band. Appellant was conducting a dance hall and wanted to engage a band. He stopped his car and walked a half block to see Curley. The car remained stationary for about fifteen minutes. When he returned to the car, he found the officers there. They searched the car and found some whiskey, the amount of which he did not know. He was not shown any search warrant. He did not put the whiskey in his car and did not know how it came to be there.

The appellant further testified that there were no other indictments pending against him in Jefferson County of which he was aware. He said that a good many years ago there was an indictment for assault to rape against him, but he could not tell whether it had been dismissed or not; that they threw one away two years ago; that at the present time he was not under indictment for rape that he knew of; that he had one case ready for trial, but that they did not try it, but told him they would dismiss it; that he had never been tried before.

The district clerk was called as a witness and testified that in a certain case the appellant was charged with the unlawful possession of intoxicating liquor; that the trial resulted in a disagreement of the jury, and in July, 1926, the case was dismissed; that at the present time there were two indictments

pending against the appellant in the 60th Judicial District Court; that one was for rape and the other for assault to rape; that both of these cases were undisposed of.

In bill of exceptions No. 1, complaint is made of the testimony of the district clerk showing that the appellant had been indicted for the unlawful possession of intoxicating liquor and that after a mistrial the case was dismissed; also that the state was allowed to prove by the testimony of the same witness that there were pending at the time of the trial two indictments for felony: one for rape and one for assault to rape. The appellant having testified in his own behalf, it was competent upon cross-examination to ascertain from him whether he had been under indictment for a felony. See Lights v. State, 21 Tex. Crim. App. 308, and numerous other cases collated in Branch's Ann. Tex. P. C., p. 101, Sec. 167. Subd. 1. The appellant's testimony upon the subject tended to deny the pendency of any indictment against him at the time of the trial and is quite indefinite as to any previous indictment for violation of the law against engaging in the liquor traffic. Under these circumstances it was competent to introduce testimony showing the previous indictment and the pendency of indictments for felonies as was done in the present case. See Brazos v. State, 33 S. W. 540; Lee v. State, 45 Tex. Crim. 52; Wilson v. State, 78 S. W. 232; Robinson v. State, 156 S. W. 212.

In bill No. 2 there is complaint of the receipt in evidence of the testimony of the officers showing the result of the search of the appellant's automobile. The ground of exception is that the search warrant was based upon an insufficient affidavit. This appears merely as a ground of objection and fails to set out the search warrant or state its substance. To require attention of the reviewing court, it is essential that the fact or facts upon which the appellant relies as condemning the ruling of the court of which he complains be set out in the bill, or a portion of the statement of facts showing the vice to be pointed out in the bill. The mere recital of the ground of objection is not a compliance with this requisite. See Robbins v. State, 272 S. W. 175; Pahlka v. State, 100 Tex. Crim. Rep. 605; Vernon's Tex. C. C. P., Vol. 2, p. 364, Art. 667, note 23. From the bill before it, this court cannot know the contents of the search warrant; neither can it assume that the trial court received evidence which was obtained under an insufficient search warrant. In the absence of a showing in the bill to the contrary, the presumption obtains that the court's ruling was correct.

The evidence supports the verdict. No erroneous ruling of the trial court has been pointed out, for which reason the affirmance of the judgment and the refusal to change the ruling upon rehearing, when considered in connection with the entire record, must be upheld.

The motion is denied.

*Motion denied.*