## G. E. ROUSEY V. THE STATE.

### No. 11745.   Delivered May 23, 1928.

**1.—Assault With Prohibited Weapon — Continuance — When Witnesses Appear and Testify—Properly Refused.**

Where, on a trial for an assault with a prohibited weapon, appellant moved for a continuance on account of several absent witnesses, the most of whom appeared and testified on the trial, no error appears in the refusal of the continuance.

**2.—Same—Bill of Exception—Insufficient—Presents No Error.**

Where a bill of exception brings forward merely the supposed errors in overruling the motion for a new trial, setting out all the reasons embraced in such motion, same is too general to call for review.

**3.—Same—Evidence—Of Extraneous Offense—Improperly Received.**

Where, on a trial for an assault with a prohibited weapon, it was error to permit the state on cross-examination of appellant's main witness to prove by her that appellant got and carried away in his automobile some home brew at the house where the assault was alleged to have been committed. Such testimony was not made admissible by the view of the trial court that it would become material in rebuttal of a defensive theory which appellant might present during the trial.

**4.—Same—Misconduct of Prosecuting Attorney—Held Error.**

Where prosecuting attorney, in objecting to certain testimony offered, stated in the hearing of the jury: "I object to that statement; he knows

I can't attack his character until he puts it in issue, and I hope they do put it in issue, and if he does I sure will impeach it." Appellant not being a witness in the case and in no way having put his character in issue, the statement was clearly erroneous, and should not have been made.

**5.—Same—Evidence—Of Extraneous Offenses—Improperly Admitted.**

Where, on a trial for an assault with a prohibited weapon, it was error to permit the sheriff to testify that he arrested appellant at a residence and found in his car twenty-five half-gallons of whiskey and that he had heard appellant testify in Federal Court, that he and a brother of some Federal prohibition officer had gone down to Archer County and got whiskey and beer and drank it on the way home. Under no conceivable view of this record was such testimony admissible.

**6.—Same — Evidence — Of Extraneous Acts of Appellant — Improperly Received.**

Other evidence of the most damaging character, coming from the sheriff and other witnesses, which had no possible connection with nor materiality to the offense for which appellant was being tried, was erroneously admitted upon the apparent theory that it might refute some allegation in appellant's motion for a continuance. For the numerous errors pointed out the cause will be reversed and remanded. See Felsenthal v. State, 30 Tex. Crim. App. 675.

Appeal from the District Court of Archer County. Tried below before the Hon. E. G. Thornton, Judge.

Appeal from a conviction for an assault with a prohibited weapon, penalty two years in the penitentiary.

The opinion states the case.

*Laverne & Somerville, E. A. Martin* and *W. J. Townsend* of Wichita Falls, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for an assault with a prohibited weapon, punishment two years in the penitentiary

Appellant is charged in an indictment with an assault upon Mrs. Morbitzer with a pistol, which was then and there unlawfully carried by him. Application for continuance because of the absence of a number of witnesses set out that appellant could show by said witnesses that he was authorized to carry a pistol at the time alleged in the indictment. Most of the witnesses named appeared and testified, and we observe no error in the refusal of said continuance.

A bill of exceptions which brings forward merely the supposed error in overruling the motion for new trial, setting out all of the reasons embraced in such motion, is too general to call for review.

An eye-witness who was with appellant on the occasion in question, and testified for him that no assault was committed at the time and place mentioned, and that when they went into the Morbitzer home, appellant left his pistol in the car—was made to swear on cross-examination, over objection, that she and appellant carried away from said house in their car certain home brew which they drank at intervals on their way back to Wichita Falls, and that she knew it was a violation of the law to transport liquor, and to deny that appellant had brought beer and whiskey to her place before said occurrence. This is in bill of exceptions No. 3, which is approved by the court with the statement that this evidence was admitted because the court had in mind the defensive theory set out in appellant's motion for continuance, viz.: that at said time appellant was a Federal informer, and had authority from the Federal Prohibition Agent to carry a gun and make arrests, and that when the defendant failed to develop such defense, the court in paragraph 8 of his charge instructed the jury not to consider the evidence so complained of. We know of no authority for such practice as that the State may prove seriously harmful facts upon the theory that same may become material in case some defensive theory, theretofore hypothetically stated and having support in an application for continuance, is attempted to be supported. This woman was appellant's most important witness, and to ask her these facts, thus reflecting upon her, no charge having been legally made against her of a violation of the law, upon the reason advanced by the court in his qualification to the bill, can not receive our sanction. It appears in another bill of exceptions, approved without qualification, that the District Attorney, over objection, referring to appellant, said:

"I object to that statement; he knows I can't attack his character, (the defendant) until he puts it in issue, and I hope they do put it in issue, and if he does I sure will impeach it."

Appellant was not a witness in the case, and had in no way put his character in issue. The statement was clearly erroneous and should not have been made.

Bill of exceptions No. 5 is approved with the same qualification as made to bill No. 3, supra, and sets out appellant's objections to proof by Sheriff Bralley, who was called by the state in rebuttal, that he arrested appellant at a residence and found in his car 25 half-gallons of whiskey, one empty jar and one about half full of whiskey; that he had heard appellant testify in the Federal Court that he and a brother of some Federal pro-

hibition officer had gone down to Archer County and got whiskey and beer and drank it on the way home, etc. If we understand this record no witness had been introduced who claimed that appellant had any right to carry a pistol in Archer County at the place where this alleged assault occurred, but on the contrary Mr. Longsdon, the prohibition enforcement head at Wichita Falls, who was introduced as a witness for appellant, had sworn that he gave appellant no such authority. We are at a loss to understand how or why such testimony as appears in the above bill of exceptions could be allowed in the State's rebuttal, and upon the theory as stated in the court's explanation of said bill, i. e., because a defensive theory in appellant's application for continuance was that he would prove by certain witnesses that he had authority to carry a pistol at the time of said assault. The appellant had closed his case in chief and had made no such proof, and certainly the court was going far afield in allowing the testimony introduced in rebuttal upon a theory that appellant was going to introduce evidence supporting a certain defense, which he had not theretofore supported.

So, also, in bill of exceptions No. 6, complaining of certain other testimony given by Sheriff Bralley when introduced by the State in its rebuttal. After the appellant had rested and had put on no witness who swore that appellant had authority to carry a pistol at the time and place in question, Mr. Bralley was permitted to testify in rebuttal that he heard appellant swear in the Federal Court relative to a transaction occurring a week or thereabouts before the alleged assault in this case, that he and another got some whiskey from other parties, went to a filling station, then to another place, and that the party drank up the whiskey and made no delivery or report of it to anybody. This bill has the same qualification as bills Nos. 3 and 5, supra. The receipt of the testimony was erroneous. So, also, from bill of exceptions No. 7 it appears that after being at the Morbitzer place on the occasion of the alleged assault, appellant went later in said day to the home of Mrs. Robinson, who was allowed to testify that he stopped there, had whiskey in fruit jars, and wanted her to drink with him, saying it did not cost him anything, and at said time appellant was either drunk or crazy. Various objections were urged to this testimony, which we think entirely inadmissible. The same qualification is appended to this bill as to those above referred to. An analogous holding is in Felsenthal v. State, 30 Tex. Crim. Rep. 675.

This case will be reversed for the errors appearing. Appellant may be a rake running around the country with a woman who drinks and unites with him in violating the liquor law; he may be a wolf in sheep's clothing alias a bootlegger masquerading as a prohibition officer; he may hold with the drys in the day and run with the wets at night, but certainly when charged with assaulting a woman with a pistol unlawfully carried, he is entitled to be tried only upon evidence shedding some fair light on the issues pertinent to that charge, and he should not be overwhelmed by testimony most damaging to him and his witnesses, which evidence had no proper place in this record, but was allowed in evidence upon the hypothesis apparently that appellant had made a statement in an application for continuance which the State was constantly afraid he would offer some evidence to support, and, in the language of the street, the State was trying to beat him to it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*