## Ad Cooper v. The State.

No. 12037.    Delivered January 9, 1929.
Rehearing denied February 13, 1929.

The opinion states the case.

*Ross. Huffmaster* of Kaufman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The State's witness, Dr. H. L. Stewart, the purchaser named in the indictment, testified that he purchased whisky from the appellant. This was denied by the appellant and circumstantially controverted by his wife.

The appellant having testified in his own behalf, it was competent for the State to introduce evidence that he had been previously charged with or convicted of a felony, in order to discredit or impeach his testimony. Romero v. State, 299 S. W. Rep. 904. See also Lights v. State, 21 Tex. Crim. App. 313, and other cases collated in Branch's Ann. Tex. P. C., Sec. 167. There was evidence that there were pending against the appellant several indictments for a felony.

During his cross-examination, the appellant was asked by State's counsel if he had not been in the penitentiary. The court retired the jury and ascertained that the inquiry related to a time which he regarded as too remote to render it relevant. The objection to the question was sustained. There is nothing in the record or in the bill which indicates that the question was not asked in good faith, or which would render the mere asking of the question reversible error. Whether testimony of the character mentioned is too remote does not depend entirely upon the lapse of time but the intervening circumstances bear upon the question. See Underhill's Crim. Evidence, 3rd Ed., Sec. 142; Oates v. State, 149 S. W. Rep. 1194.

The bill in which there is complaint of improper argument of the prosecuting attorney was not approved by the trial judge.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant insists that we erred in not holding the evidence herein insufficient to sustain a conviction,

his point being that the testimony shows that the witness bought from appellant liquor for medicinal purposes. We have carefully examined the facts on this point. Prosecuting witness says he bought the liquor for a stimulant, and that he drank all of it at the time of its purchase. He did not claim to have told appellant at the time, or at any other time, that he 'was purchasing this liquor for medicinal purposes. Appellant denied making the sale and testified that he positively refused to sell the purchaser any liquor at all. This does not show a sale for medicinal purposes.

Appellant also contends that he should have been granted a new trial in order to obtain newly discovered evidence. The order of the court overruling the motion for new trial recited that the court heard evidence upon the contention. We are bound by the recitals of the order. We have held in many cases that where there is such statement in the order of the court overruling the motion, we will not undertake to revise or hold incorrect the action of the court in refusing a new trial, unless in such case the testimony before the court be properly brought before us for our examination. No effort appears to bring before us the testimony heard by the trial court.

No error appearing, the motion will be overruled.

*Overruled.*