RAYMOND MITCHELL v. THE STATE.

No. 13227.   Delivered April 23, 1930.
Reported in 27 S. W. (2d) 245.

The opinion states the case.

*Oxford & McMillan* of Stephenville, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, two years in the penitentiary.

Appellant and Mr. and Mrs. McDowell were seen in a Ford coupé together.   Appellant and McDowell were both shown to have driven it.   The car belonged to McDowell.   A search of same by officers revealed the presence therein of forty-two half-gallon jars of whiskey.   Appellant was at the time under the influence of whiskey. The defense presented was that appellant was riding in the car without knowledge of the presence of the whiskey therein.

Application for continuance was overruled and is made the subject of a bill of exception.   It is shown in this bill:   That appellant stated the address of this witness to be Ft. Worth, Tarrant County, Texas, without giving any street address; that he was told by witness' brother that witness was working in Ft. Worth; that Ft.

Worth was a city of 150,000 to 170,000 people. No averment appears that the brother of witness was asked for a more specific address of witness, nor what, if any, specific diligence was used to ascertain his exact whereabouts. The subpoena was issued on the 7th of June, 1929, and said motion for continuance presented on the 18th of June, 1929. The place of the trial was near the alleged residence of the witness. We think the diligence insufficient. Moreover, the matter was presented in motion for new trial and the order overruling same recites that evidence was heard thereon. Such evidence is not brought forward. We will presume in its absence that the trial judge had before him such evidence as justified the order overruling same. Cooper v. State, 13 S. W. (2d) 834; Burrell v. State, 11 S. W. (2d) 794.

The father of McDowell testified for the State. Objection was made to the following question to him and answer: "They (meaning Macie McDowell and Raymond Mitchell), had been around together a great deal in this old ford car hadn't they?" To which the witness answered, "Well, I don't know, how long they had been in that—to know that. I begged them several times to quit before they did get in trouble." The bill is insufficient to show error. The surrounding facts and circumstances are not stated, and no background appears with this bill which would negative the idea that witness was not talking about their running around in the Ford car as the cause of their possible trouble. In other words this bill should show, if it is a fact, that the witness was referring to whiskey law violations. Witness was the father of one of the occupants of the car and manifestly the mere giving of fatherly advice which would not tend to prejudicially affect the appellant's rights to the extent of causing a possible conviction or enhancement of the penalty would not be error. The bill fails to comply with the rules many times laid down regarding such matters. 4 Tex. Jur., Secs. 216, 217 and 220.

All of appellant's bills have been carefully examined and finding no merit in any of them, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.