S. K. Harmon v. The State.

No. 14683. Delivered January 20, 1932.

The opinion states the case.

*Baskin, Eastus & Greines,* of Ft. Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The offense is murder; penalty assessed at confinement in the penitentiary for a period of ten years.

The name of the deceased was W. K. Kucker. The state's evidence is to the effect that the appellant shot and killed the deceased under circumstances which were not justified.

Appellant testified in his own behalf and through witnesses attempted to justify the homicide. The evidence is such as to impel the court to submit to the jury the issue of self-defense.

Before going to trial an application for a suspended sentence was filed by the appellant. In the examination of the veniremen upon their voir dire they were interrogated touching their mental attitude towards the suspended sentence. Two of them were challenged because of such attitude. The challenges were sustained and the veniremen excused. Neither the appellant nor the state exhausted the peremptory challenges in the selection of the jury. After the jury had been empaneled and the state had introduced its evidence in chief and rested, the application for a suspended sentence was withdrawn, the court consenting to the withdrawal. No evidence was offered upon that issue upon the trial. From the bill it appears that some twenty-seven years before the trial, the appellant had been convicted of a felony in the state of Oklahoma, and that this prior conviction was unknown to counsel for the accused. Upon learning of it he immediately withdrew the application for a suspended sentence. The appellant became a witness in his own behalf. Before he was cross-examined, counsel for the appellant advised the judge that he had learned that the appellant had been convicted of a felony some twenty years before the trial and made a request that the state agree not to interrogate the accused upon that subject. State's counsel declined to make the agreement. Appellant's counsel then, out of the hearing of the jury, advised the judge of the situation mentioned and moved the court to instruct counsel for the state not to interrogate the defendant upon the subject of his prior conviction for the reason that it was too remote. The motion was sustained by the court and state's counsel was told not to interrogate the accused on the subject. In fact, no questions upon the subject were directed to the accused.

During the closing argument the district attorney made the following remarks: "The State can't put on testimony concerning the defendant's reputation, to show what his past life has been, unless he puts it in issue. He could have brought reputation witnesses here. We couldn't unless he did. He didn't put it in issue because he did not want you men to know what his neighbors would say about him. His skillful lawyers have not brought a single witness from his neighborhood out there to testify to his good reputation."

Another bill of exception complains of the opening argument of the assistant district attorney as follows: "You don't find a single witness, neighbor or man, who has known the defendant, either from Golden Garden Addition, Fort Worth, Oklahoma, or anywhere he has ever lived,

come in here and testify that his reputation as a peaceable and law-abiding citizen is good. We could not go into his reputation unless the defendant put it in issue."

In each instance objection was promptly made to the remarks, and the court verbally requested to instruct the jury to disregard them, and later, in a written instruction, a similar request was made, and in each instance it was denied by the court.

One of the bills reflect a controversy touching the remarks of appellant's counsel in his closing argument, state's counsel contending that appellant's counsel said to the jury, speaking of the accused, that he worked for the Cotton Oil Mill for six years and was undoubtedly a *good* man, otherwise the oil mill would not have retained him. Counsel for the appellant contends that he said that the accused had worked for the Cotton Oil Mill for six years and undoubtedly was an *industrious* man, otherwise he would not have been retained. The court declined to settle this controverted question. It appears from the record that the opening argument for the state offended against the rule forbidding an attack upon the reputation of the accused. We fail to comprehend how the error would be condoned by the remarks imputed to counsel for the appellant, whether his his claim was that the accused was a *good* man or an *industrious* man.

The application for the suspended sentence contained no statement other than that the accused had not previously been convicted of a felony. The nature of the pleading required that it be in writing. It is a general rule that a pleading may be withdrawn with the consent of the trial court. See Ency. of Law & Proc., vol. 31, p. 600. The application of this principle to the plea for a suspended sentence has been recognized by this court on several occasions. See Ex parte Gordon, 89 Texas Crim. Rep., 125, 232 S. W., 520. The plea for a suspended sentence having been withdrawn. by the consent of the court, it is conceived that the issue of suspended sentence and all evidence which bore thereupon alone would be out of the case. In a criminal case, unless the character or reputation of the accused is put in evidence by him, either directly or indirectly, the law forbids such attack by the state, either by evidence or by argument. Pollard v. State, 33 Texas Crim. Rep., 197, 26 S. W., 70; Beard v. State, 110 Texas Crim. Rep., 413, 10 S. W. (2d) 112; Johnson v. State, 17 Texas App., 565, (see page 573); Felsenthal v. State, 30 Texas App., 675, 18 S. W., 644. Where the accused, by giving testimony in his own behalf, subjects his reputation for truth and veracity to inquiry, proof of his conviction of a felony at some remote time is not competent. See Branch's Ann. Tex. P. C., sec. 170, and cases cited, including Winn v. State, 54 Texas Crim. Rep., 539, 113 S. W., 918; Bogus v. State, 55 Texas Crim. Rep., 127, 114 S. W., 823, and many others. It has been held that where it clearly appears that the prior conviction is inadmissible

because of its remoteness, it is improper for the prosecution to attempt to get evidence of the prior conviction before the jury after having been admonished by the court to refrain from doing so. See Vick v. State, 71 Texas Crim. Rep., 443, 159 S. W., 57; McGill v. State, 71 Texas Crim. Rep., 443, 160 S. W., 353. Whether in a given case such testimony is too remote depends upon the facts. See Cooper v. State, 111 Texas Crim. Rep., 621, 13 S. W. (2d) 834; Underhill's Cr. Evidence, 3rd Ed., sec. 142.

In the present instance, the court decided that the prior conviction of the appellant was too remote to be relevant upon any issue in the case. Under the circumstances presented by the record, the remarks of counsel were improper and were manifestly calculated to prejudice the rights of the accused. See Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W., 1029; Harrison v. State, 102 Texas Crim. Rep., 385, 278 S. W., 430; Pollard v. State, 33 Texas Crim. Rep., 197, 26 S. W., 70; Roussey v. State, 109 Texas Crim. Rep., 663, 7 S. W. (2d) 80; Pierce v. State, 39 Texas Crim. Rep., 343, 45 S. W., 1019. The action of the court in refusing to recognize the impropriety of the argument mentioned and his failure to take available action to endeavor to prevent the injurious effect is contrary to the principle and precedents cited and error which cannot be regarded as other than hurtful.

Counsel for the state before this court does not contend for an affirmance of the judgment.

For the reasons pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*