30 675
31 477

## R. M. FELSENTHAL v. THE STATE.

### No. 3048.   Decided February 27.

1. **Evidence—Proof of Other Crimes Inadmissible.**—On a trial for embezzlement the State was permitted, over defendant's objection, to read in evidence the judgment of conviction and sentence against defendant in another case, wherein he had been tried and convicted for burglary. *Held*, that such evidence was inadmissible, because defendant had not put his character in issue, because it was proof of a separate independent crime which was in no way connected with the issue on trial, and because such evidence was highly prejudicial to the defendant.

2. **Proof of Character of Defendant in a Criminal Case.**—Until a defendant in a criminal case has himself put his character in issue, the State has no right to introduce testimony showing his bad character.

APPEAL from the District Court of Bexar. Tried below before Hon. G. H. Noonan.

Appellant was indicted for embezzlement, and upon his trial was convicted, and his punishment assessed at four years in the penitentiary. A detailed statement of the evidence adduced on the trial is not called for by the rulings announced in the opinion.

*A. Lewy*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellant was tried and convicted in the court below upon an indictment charging him with embezzlement.

Defendant's second bill of exceptions shows that on the trial the State, over objection of defendant, was permitted by the court to introduce and read in evidence from the criminal minute books of Bexar County, in cause No. 4496, in the case of The State of Texas v. Dick Felsenthal, a judgment of conviction against this defendant for burglary, in which the punishment was assessed at four years in the penitentiary; and also to read in evidence the sentence of the court sentencing the defendant to confinement in the penitentiary in accordance with said verdict of the jury. The objections of the defendant to the admissibility of this testimony were, (1) because the defendant had not put his character in issue; (2) there was no allegation in the indictment charging this defendant with having been previously convicted of any offense; (3) because said judgment and sentence were calculated to prejudice the jury against the defendant. The learned trial judge, in his explanation of this bill of exceptions, states, "that the testimony was admitted in order to overcome the allegation in defendant's application for a continuance, wherein he sought to obtain a continuance for the absence of one Strauss, by whom it was expected to prove the good character of the defendant for honesty and integrity." The admission of this testimony was clearly erroneous, and prejudicial to the rights of the defendant, as such evidence tended in no manner to illustrate any point involved in the case; and it was proof of a collateral, independent crime, which could afford no reasonable presumption or inference pertinent to any issue in the case. Cesure v. The State, 1 Texas Ct. App., 19; Fore v. The State, 5 Texas Ct. App., 251; Guajardo v. The State, 24 Texas Ct. App., 603; Taylor v. The State, 27 Texas Ct. App., 463.

The explanation of the learned trial judge does not show any valid and sufficient reason why the general rule with regard to evidence of this character should have been suspended and the evidence admitted. If defendant did show by his application for a continuance that he intended to put his character for honesty in issue, then the granting or refusing of the continuance was a matter addressed to the discretion of the court; and its contents were not matter of which the

jury had cognizance or could consider, unless the application itself had been legitimately in evidence before them. In passing upon the motion for a continuance, the court might have considered this evidence in determining the probable truth of said application; but even if the jury had known that defendant expected or intended to make such proof with regard to his character, it would not have been proper, in advance of his having attempted to make the proof, to have introduced any evidence controverting the truth of his proposed testimony in that regard. Until the defendant in a criminal case has himself put his character in issue, the State has no right to introduce testimony showing his bad character.

For the error of the court in admitting the testimony above discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.