ERNIE FARAR v. THE STATE.

No. 12107.   Delivered January 9, 1929.
Rehearing granted March 6, 1929.
Rehearing denied State April 17, 1929.

200

The opinion states the case.

·Tom L. Walker of Nacona, and Donald & Donald of Bowie, for appellant.

A. A. Dawson of Canton, State's Attorney for the State.

Morrow, Presiding Judge.—The sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

McDonald, the purchaser named in the indictment, testified that on the 4th day of February, 1928, he purchased from the appellant a pint of whisky, paying him therefor $2.50. Appellant testified in his own behalf and denied the sale, claiming that in a joking way he told McDonald that he would sell him a pint of whisky and that when McDonald gave him the money, the appellant told him he had no whisky and returned the money. Hatchell, at whose place of business (a blacksmith shop) the occurrence according to McDonald took place, testified to seeing the parties there late in the evening and that McDonald was drunk, but that he did not see the appellant sell him any whisky. He stated, however, that he heard a conversation between McDonald and the appellant in which the matter of selling whisky was discussed.

No error was committed in asking the appellant on cross-examination if he had not been charged with transporting whisky. Proof of such fact was available to the State for the purpose of impeachment. See Romero v. State, 299 S. W. Rep. 904; Lights v. State, 21 Tex. Crim. App. 313; and other cases collated in Branch's Ann. Tex. P. C., Sec. 167. The bill, however, fails to show that such proof was made.

An inquiry was made touching the general reputation of the appellant as a peaceable law-abiding citizen. Objection was made upon the ground that the appellant's reputation in the respect mentioned had not been made an issue. The judge does not certify that the reputation of the appellant in the particular mentioned was not in issue. However, the objection was sustained and no answer to the question appears to have been given.

The evidence is sufficient, and no error is shown.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Upon reconsideration, we have reached the conclusion that Bill of Exceptions No. 3 is sufficient to bring up for review the action of the State's attorney in making inquiry of the appellant while he was upon the stand in the following words:

"Do you know the general reputation that Ernie Farar bears in the community in which he lives for being a peaceable law-abiding citizen?"

To which question objection was made upon the ground that the defendant had not put his reputation as a peaceable law-abiding citizen in issue in the case and that it was an improper way of getting before the jury that the reputation of the defendant may have been bad in the respects inquired about. The action of the court in sustaining the objection necessarily implies that it was sustained upon the ground made in the bill, namely, that the State's attorney, by the inquiry, attempted to put in issue the general reputation of the accused on trial as a peaceable law-abiding citizen. The law does not permit the State to introduce as an issue the general reputation of the accused as a peaceable law-abiding citizen. Such is the announcement of the text-writers. See Wharton's Crim. Law, Secs. 59–64; and many decisions of this court, some of which are collated by Mr. Branch in his Ann. Tex. P. C., Sec. 148. Among them are Thompson v. State, 38 Tex. Crim. Rep. 340; Felsenthal v. State, 30 Tex. Crim. App. 676; Guajardo v. State, 25 Tex. Crim. Rep. 605. So far as we are aware, there has been no departure from the rule. In the recent case of Childress v. State, 92 Tex. Crim. Rep. 215, 241 S. W. Rep. 1029, the exact question now presented was discussed by the court, and from the opinion the following quotation is taken:

"Appellant had in no way put his reputation in issue. Upon cross-examination of the witness Elam the district attorney propounded this question:

'Do you know defendant's reputation here as to whether he was a law-abiding citizen, or otherwise?'

Appellant objected to the question and same was sustained by the court."

In discussing the matter, Judge Hawkins, writing the opinion of the court, in substance said that to propound such a question was a violation of the rules of procedure so gross as called for a prompt reprimand of counsel and direction to the jury to disregard the question. From the opinion we again quote as follows:

"We frequently decline to reverse cases where improper questions were asked and objections were promptly sustained; but we can scarcely conceive a question which in and of itself could be more hurtful to an accused than one calling for an answer which would put in issue his general reputation. It places him in the unfortunate attitude of having to let the question pass unchallenged, thereby permitting the State to do what it plainly has no right to do, or of objecting thereto in the presence of the jury, leaving the very natural impression upon them that he feared an answer which would have been detrimental to him."

We are constrained to grant the appellant's motion for rehearing, to set aside the affirmance and order that the judgment of conviction be reversed and the cause remanded for another trial. It is so ordered.

*Reversed and remanded.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have given careful consideration to the argument advanced by the State in support of its motion. While it would not do to lay down any hard and fast rule by which we would be bound in every case to reverse for the error of asking concerning the reputation of the accused for being a peaceable, law-abiding citizen in any case in which the issue had not been raised,— still in a case where the evidence is in direct conflict between the State and the accused upon the theory of guilt or otherwise, with one witness for the State and two for the accused supporting the respective theories, the error of asking such a question by State's attorney might turn the scales against the defendant. We recognize the fact that such error might be committed through mistaken belief on the part of the State's attorney that the issue of reputation had been raised by the evidence, but we find in this case no effort to so justify or excuse the asking of such question. So also in a case in which the guilt of the accused was so plainly established as that the error might not be of harm, but that is not true of this case. There is probably not a prosecuting attorney in the State who does not know that such a question is improper, and that it is bound to be hurtful when thus improperly brought to the attention of the jury seems plain.

The State's motion for rehearing will be overruled.

*Overruled.*