**Johnny Jay SMALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 62618 to 62621.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 23, 1982.

Mike DeGeurin, Houston, for appellant.

Carol S. Vance, Dist. Atty., Michael Kuhn and George Godwin, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

Both the appellant and the State agree that on November 2, 1978, outside of a business establishment, Cooter's, located in the Windsor Shopping Center in Houston, appellant became involved in a melee. The parties did not, however, agree at trial as to which person was responsible for initiating the events which led to the subsequent al-

tercation between appellant and others. The State's witnesses' testified that the appellant was the initiating cause, whereas the appellant and his witnesses testified that one of the State's witnesses was the responsible party. As a result of what occurred, the appellant was charged with several misdemeanor offenses, namely, two assaults, carrying a handgun, and criminal mischief. In a consolidated trial of all the causes before a jury, appellant was convicted of all offenses, and his punishment was assessed by the same jury in each of the causes at 90 days' confinement in the Harris County jail, to be served concurrently.

 We sustain appellant's ground of error that the trial court reversibly erred during the guilt stage of the trial when it allowed, over objection, the prosecuting attorney to question one of the State's rebuttal witnesses about the reputation of the appellant for being a peaceable and law-abiding citizen. The record reflects the following in this regard:

Q: (By Mr. Godwin, the prosecuting attorney). Mr. Wistner, are you familiar with the reputation of Johnnie Small [the appellant]?

MR. SHEPHERD: (The defense attorney). I object to this line of questioning. It's assuming—this is a rebuttal witness and there's not any testimony as to his [the appellant's] reputation or his character brought out on direct or cross examination prior to this and he [the prosecuting attorney] is not allowed to go into it, Your Honor. I object to it.

MR. GODWIN: I believe him taking the stand puts his character in evidence.

THE COURT: Overruled.

Q: (By Mr. Godwin). Are you familiar with the reputation of Johnnie Small in the community in which he resides as being a peaceful and law-abiding citizen?

MR. SHEPHERD: Object to this. It is immaterial. It is not relevant to the issue, his character.

THE COURT: Overruled.

Q: (By Mr. Godwin). Is that reputation good or bad?

A: (By witness Wistner). Bad.

Over 50 years ago, Judge Lattimore of this Court made the following remark in *Farar v. State*, 112 Tex.Cr.R. 199, 15 S.W.2d 1050, 1051 (Tex.Cr.App.1929):

There is probably not a prosecuting attorney in the state who does not know that such a question is improper, and that it is bound to be hurtful when thus improperly brought to the attention of the jury seems plain.

Today, however, we learn that one such prosecuting attorney exists in this State, because we have carefully reviewed the record and do not find any testimony or evidence adduced by the appellant at the guilt stage of his trial which would have placed his reputation for being a peaceful and law-abiding citizen into evidence.

In *Felsenthal v. State*, 30 Tex.App. 675, 18 S.W. 644, 645 (1892), it was stated:

Until the defendant in a criminal case has himself put his character in issue, the state has no right to introduce testimony showing his bad character.

See also *Marshall v. State*, 76 Tex.Cr.R. 386, 175 S.W. 154 (1915); *Harmon v. State*, 119 Tex.Cr.R. 426, 45 S.W.2d 583, 585 (1932); *Freeze v. State*, 133 Tex.Cr.R. 595, 113 S.W.2d 539, 540 (1938); *Walker v. State*, 146 Tex.Cr.R. 321, 174 S.W.2d 974 (1943).

Also, in Vol. 62, Tex.Jur.2d, Witnesses, Sec. 336, at page 369, we find the following statement: "However, though the state may introduce evidence in rebuttal of the defendant's self-serving statements as to his habits or mode of life, in the absence of testimony as to his good character evidence may not be introduced to show that he is of bad moral character or reputed to be a persistent violator of the law."

In *Farar*, supra, on appellant's motion for rehearing, Presiding Judge Morrow of this Court stated the following, which we adopt, as we find it to be most applicable to these causes:

The law does not permit the state to introduce as an issue the general reputation of the accused as a peaceable, law-abiding citizen. Such is the announcement of the text-writers. (Reference

works and citations are omitted). So far as we are aware, there has been no departure from the rule. In the recent case of *Childress v. State* 92 Tex.Cr.R. 215, 241 S.W. 1029, the exact question now presented was discussed by the court, and from the opinion the following quotation is taken:

'Appellant had in no way put his reputation in issue. Upon cross-examination of the witness Elam the district attorney propounded this question:

'Do you know defendant's reputation here as to whether he is a law-abiding citizen, or otherwise?'

Appellant objected to the question and same was sustained by the court.

In discussing the matter, Judge Hawkins, writing the opinion of the court, in substance said that to propound such a question was a violation of the rules of procedure so gross as called for a prompt reprimand of counsel and direction to the jury to disregard the question. From the opinion we again quote as follows:

'We frequently decline to reverse cases where improper questions were asked and objections were promptly sustained; but we can scarcely conceive a question which in and of itself could be more hurtful to an accused than one calling for an answer which would put in issue his general reputation. It places him in the unfortunate attitude of having to let the question pass unchallenged, thereby permitting the State to do what it plainly has no right to do, or of objecting thereto in the presence of the jury leaving the very natural impression upon them that he feared an answer which would have been detrimental to him.'

See also *Shannon v. State*, 567 S.W.2d 510, 515 (Tex.Cr.App.1978); *Lovett v. State*, 158 Tex.Cr.App. 550, 258 S.W.2d 335, 336 (1953).

The State contends that the above testimony was proper rebuttal testimony because the appellant had testified that he had not been back to Cooter's since the night in question, "... I go to church in-stead." The State also argues that because the Appellant had also testified that he had become a Christian, "... I'm afraid so," since the night in question, and had quit drinking, "No, sir, I don't drink now," that this permitted the State to introduce into evidence testimony of the appellant's reputation for being a peaceful and law-abiding citizen. We find the State's reply argument to be totally without merit. As to the State's citation of authority of *Watson v. State*, 149 Tex.Cr.App. 643, 197 S.W.2d 1018 (1946), we find it is not even factually in point to this cause. The State's reply argument is therefore rejected.

The judgments of convictions are reversed, and the causes are remanded to the trial court.

DALLY, J., concurs in result.