**Bill Castillo RAMIREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0127–CR.**

Court of Appeals of Texas,
Tyler.

March 3, 1983.

Discretionary Review Refused
June 8, 1983.

---

Ray Epps, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

COLLEY, Justice.

Appellant was indicted for the offense of murder. He pleaded not guilty and was convicted in a jury trial of the lesser included offense of voluntary manslaughter. The jury assessed his punishment at twelve years confinement in the Texas Department of Corrections.

In this appeal appellant presents three grounds of error. No challenge is made to the sufficiency of the evidence to support his conviction.

We first address appellant's third ground whereby he claims reversible error was committed when the State attempted to introduce evidence of appellant's reputation as being a peaceful and law-abiding citizen at a time during the guilt/innocence phase of the trial when appellant had not put his character at issue. The record reflects that following the defense testimony, including the testimony of the appellant, the State in rebuttal produced the witness David S. Priest, a homicide detective with the Houston Police Department, who was questioned as follows:

QUESTIONS BY MS. CRUMP:

Q. Would you state your name for the jury, sir?

A. David S. Priest.

Q. How are you employed?

A. Homicide Detective with the Houston Police Department.

Q. How long have you been so employed?

A. Approximately ten years.

Q. Sir, do you know the reputation of Bill, Ramirez, Sr., the defendant in this case, in the community in which he resides for being a peaceful and law abiding citizen?

A. Yes, I do.

MR. MAYHAN: I object at this point in time. May we approach the bench?

Thereafter, the jury was retired from the courtroom, and the appellant moved for a mistrial on grounds that the question "inflamed the minds of the jury" and was an improper question. The trial court overruled the motion, but did not allow the witness to answer the question, and informally and out of the presence of the jury sustained appellant's objection to the question propounded to the witness Priest. Appellant did not request the court to instruct the jury to disregard the question, and the court did not do so. The witness Priest was excused from the stand while the jury was retired.

█ Appellant argues that the propounding of the unanswered question constituted reversible error. We agree. The law prohibits the State from introducing evidence of a defendant's bad character unless and until the defendant has placed his character in issue. *Farar v. State,* 112 Tex.Cr.R. 199, 15 S.W.2d 1050 (1929).

█ Appellant cites *Childress v. State,* 92 Tex.Cr.R. 215, 241 S.W. 1029 (1922), in support of his contention under ground three. In that case the State's attorney in cross-examination of a defense witness inquired of the witness if he knew the defendant's reputation as ". . . a law-abiding citizen, or otherwise?" Defendant's objection to the

question was sustained, but his request for instructions to the jury to disregard the question was denied; however, the decision in *Childress* reversing and remanding the case, did not turn on the failure of the trial court to so instruct the jury, but rather on the flagrant breach of the rule prohibiting the State from proving, or attempting to prove, a defendant's bad character as to being a peaceful and law-abiding citizen at a time when the defendant had not put his character trait at issue in the case. In this case, the record shows without question that the appellant did not in any manner introduce before the jury any evidence tending to prove his reputation for being a peaceful and law-abiding citizen. Thus it was improper for the State to attempt to introduce reputation testimony regarding the appellant's reputation for such character trait. *Farar v. State, supra.* The Court of Criminal Appeals in *Childress* indicates that an error of the character committed in this case impinges on the defendant's constitutionally protected right to a presumption of innocence; and that such conduct on the part of a State's attorney offends the court's sense of "common justice." Further, we agree, based on our reading of these authorities, that an error of the sort here committed here by State's counsel, whether or not in good faith, placed the appellant in a most compromising posture, to-wit: either make no objection and permit the State to prove without the right to do so, his bad reputation, or object to the question before the jury and thereby give the jury the impression that the appellant was aware that the response from the witness would be harmful to him. *Childress v. State, supra.*

Because of the error discussed we sustain appellant's third ground. *Childress v. State, supra; Farar v. State, supra; Els v. State,* 525 S.W.2d 11 (Tex.Cr.App.1975); *Small v. State,* 634 S.W.2d 698 (Tex.Cr.App. 1982, panel opinion).

The judgment of the trial court is reversed, and this cause is remanded for a new trial.