Danniel RIVERA, Appellant,

v.

The STATE of Texas, Appellee.

No. B14-82-778CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 13, 1984.

Michael M. Phillips, Angleton, for appellant.

Jim Mapel, Angleton, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

PAUL PRESSLER, Judge.

This is an appeal from a conviction of sexual abuse of a child.

Appellant was employed as a part-time teacher at the Cherry Hill Day Care Center in Brazoria County. The complainant was among the students appellant supervised at nap-time. Appellant's first questionable conduct occurred when appellant allegedly zipped the child's pants after he went to the restroom and felt the child's penis through his pants. On another day, appellant took the child to a more enclosed, private area of the room where the children were napping, unbuttoned the child's pants and put his mouth on the child's penis. The child complained to his father, who reported the incident. Police set up a surveillance at the school and arrested appellant.

Appellant was charged with sexual abuse of a child and indecency with a child by contact. He was convicted of sexual abuse under TEX.PENAL CODE ANN. § 21.10(a) and § 21.11(a)(1) and sentenced to four years in the Texas Department of Corrections and a fine of $2500.00. We affirm.

Appellant presents two grounds of error on appeal. In the first, he contends that the prosecuting attorney, by requiring the appellant to place his mouth on the penis of an anatomical doll in the presence of the jury, caused such bias and prejudice against him that he was denied a fair trial.

The child testified at trial to the second event, and his father testified that the child had complained to him about the incidents. During direct examination, appellant admitted he had placed his mouth on the child's penis. The prosecutor requested on cross-examination that appellant demonstrate the act on a doll. The State contends the dem-

onstration was necessary to resolve the disputed issues of appellant's intent and the nature of his act under § 21.10(a). One element of that section is that the act is committed "with intent to arouse or gratify the sexual desire of any person." TEX.PENAL CODE ANN. § 21.01(1)(A) (Vernon Supp.1984) defines "deviate sexual intercourse" as "any contact between any part of the genitals of one person and the mouth or anus of another person."

The State introduced appellant's statement to police in which he admitted that he placed his mouth in contact with the boy's penis and "licked it for about thirty seconds or less." In his testimony in open court, appellant denied licking the child's penis, but admitted he placed his mouth on it. He further testified in court that he did not at any time do anything to the child which gratified his own sexual desire.

The State's ability to meet its burden of proof was complicated by the expert testimony of a psychologist called by appellant who testified that appellant had latent homosexual conflicts, and that "Most of the time it is very threatening, it is non-gratifying, they fear regret and remorse and literally shrink away from that."

Admission of offensive conduct is not necessarily an admission of guilt of the offense charged. In denying that he licked the child's penis and that he committed the act with the necessary intent to gratify his sexual desire, appellant attempts to negate an essential element of the offense. The State contends the demonstration was necessary to help establish this element and to rebut appellant's testimony.

■ The requisite specific intent to arouse or gratify the sexual desire of any person may be inferred from the defendant's conduct, his remarks and all surrounding circumstances. *See McKenzie v. State,* 617 S.W.2d 211, 216 (Tex.Crim.App. 1981); *Bowles v. State,* 550 S.W.2d 84, 85 (Tex.Crim.App.1977). In *McKenzie,* the complainant was allowed to demonstrate to the jury where the accused touched her by demonstrating on one of her own dolls.

■ In the instant case, there was sufficient reason to allow the questioned dem-

onstration. However, even if it were error, it was harmless error. Error is harmless if no reasonable possibility exists that it might have affected the punishment assessed. *Johnson v. State,* 660 S.W.2d 536, 538 (Tex.Crim.App.1983). In view of the evidence of appellant's guilt and the defense presented by him, no reasonable possibility existed that the demonstration affected the punishment assessed.

We find that appellant was not denied a fair trial because the State required him to demonstrate this act. His first ground of error is overruled.

■ Appellant contends in the second ground of error that the trial court erred in allowing the State to show that some of his friends were homosexuals. He argues this was an attempt to impeach his testimony. It is correct that the character of one's associates is no evidence of guilt; it has also been held that one may not be impeached by the character of his associates. *Gant v. State,* 513 S.W.2d 52, 53 (Tex.Crim. App.1974). However, appellant's defense was based on his assertion that his conduct was an unexplainable, irresistible impulse attributable to his latent homosexual feelings. The introduction of evidence of his active homosexual conduct was an attempt to rebut the testimony of the psychologist.

■ It is not until the defendant has placed his own character in issue that the State may introduce evidence of his bad character. *Ramirez v. State,* 656 S.W.2d 82, 83 (Tex.App.—Tyler 1983, pet. ref'd). An accused cannot invite error and then complain of it. *Ex Parte Guerrero,* 521 S.W.2d 613, 614 (Tex.Crim.App.1975). The appellant placed his own character is issue through his defense and thus "invited" this testimony. We overrule appellant's second ground of error.

The decision of the trial court is affirmed.

ELLIS, J., dissents.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the other members of the panel, I would like to record my respectful dissent.

Appellant, Daniel Rivera, appeals from a judgment of conviction of sexual abuse of a child. The jury assessed his punishment at four (4) years in the Texas Department of Corrections and a fine of $2500.00. I would reverse.

Appellant presents two grounds of error. In his first ground he contends that the court erred in allowing the prosecuting attorney to make appellant place his mouth on the penis of an anatomical doll in the presence of the jury. Appellant claims that this caused such bias and prejudice against him by the jury that he was denied a fair trial. I agree.

Appellant's attorney timely objected to this procedure stating that it was grotesque, that the verbal description was sufficient, and that requiring his client to simulate something with a doll was totally disgusting, inflammatory, and prejudicial. I find that the court erred because this was unnecessary because appellant had signed a written confession, that was allowed into evidence, in which he admitted the offense. On direct examination in court he admitted and confessed to the elements of the offense and he admitted that he put his mouth on the complainant's penis. There cannot be any other purpose or intent by the prosecutor in having appellant commit such an act upon an anatomical doll other than to inflame and prejudice the minds of the jurors against appellant.

This evidence may have been relevant but should have been excluded by the trial judge because its probative value was substantially outweighed by the danger of unfair bias, prejudice, and needless presentation of cumulative evidence.

The State contends the demonstration was necessary to help establish a element of the offense of sexual abuse of a child. The element, the State contends, is that the act be committed with the intent to arouse or gratify the sexual desire of any person. This specific intent to arouse or gratify the sexual desire of any person can be inferred from appellant's conduct, his remarks, and all surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211 (Tex.Crim.App. 1981); *Bowles v. State*, 550 S.W.2d 84 (Tex. Crim.App.1977). I fail to see how this demonstration could show appellant gratified his sexual desires at the time of the offense.

The majority opinion states that if this was error that it was harmless, I do not agree.

The test for harmless error is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction or affected the punishment assessed. *Clemons v. State*, 605 S.W.2d 567 (Tex.Crim.App.1980).

Contrary to the majority, I cannot state that there is a reasonable possibility that this inadmissible evidence was harmless error, especially when one considers the fact that appellant filed an application for probation and the jury assessed punishment at a period of four (4) years in the Texas Department of Corrections. I believe that in the jury's assessment of punishment it is quite conceivable that the jury could have been swayed by bias and prejudice perceived from viewing the demonstration of appellant putting his mouth on the penis of the anatomical doll.

I feel that this case should be reversed because appellant was denied a fair trial.