person who administered the oath is not an element and is not essential to an element of the offense. It could be a helpful, informative allegation, and one which the State might make in response to a motion to quash, but its omission in this case does not render the indictment fundamentally defective. The judgment of the Court of Appeals is reversed and cause remanded for consideration of appellant's grounds of error not yet addressed by that court.

on the penis of the complainant. *Rivera v. State,* 684 S.W.2d 174 (Tex.App.—Hou. [14th] 1984). However, our review of the record does not reveal that appellant ever demonstrated the act itself although instructed to do so by the prosecutor. Therefore, our refusal of appellant's petition for discretionary review is not to be taken as an approval of the reasoning of the Court of Appeals on this ground of error.

With this understanding, we refuse appellant's petition for discretionary review.

**Danniel RIVERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 141–85.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 25, 1985.

**Ex parte Felix Garcia BENAVIDEZ, Jr.**

**No. 69399.**

Court of Criminal Appeals of Texas.

Sept. 25, 1985.

Michael M. Phillips, Buddy Stevens, Angleton, for appellant.

Jim Mapel, Dist. Atty., and Jim Turner, Asst. Dist. Atty., Angleton, Robert Huttash, State's Atty., Austin, for the State.

**ORDER**

PER CURIAM.

Appellant was convicted by a jury of the offense of sexual abuse of a child. On appeal, a panel majority of the Houston [14th] Court of Appeals held, *inter alia,* that it was not reversible error to require appellant to demonstrate on an anatomically correct doll how he had placed his mouth

