Gregory Andrew **FRANKS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–95–01273–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 29, 1997.

Discretionary Review Refused Dec. 3, 1997.

Published in Part Pursuant to Tex R. App. P. 90.

---

E.G. Huff, Houston, for appellant.

Sandra J. Pomerantz, Houston, for appellee.

Before TAFT, WILSON, ANDELL and HUTSON–DUNN [1], JJ.

## OPINION

TAFT, Justice.

This appeal involves a conviction for indecency with a child. The court sentenced the appellant, Gregory Andrew Franks, to nine years in prison and assessed a $5,000 fine. The complaints involved in this appeal center around exchanges between the appellant and three jurors during a recess in appellant's criminal trial. In three points of error, the appellant asserts that the trial court abused its discretion in denying his motion for mistrial, for failing to order a separate competency hearing before a jury, and for failing to refer his motion for recusal to an administrative judge. The appellant also alleges that he was denied a fair trial guaranteed by the Texas Constitution because of ineffective representation and cumulative error.

### Motion for Mistrial

■ In his first point of error, the appellant asserts that the trial court erred in denying his motion for mistrial. The appellant asserts that at least two of the three jurors he talked to received information clearly prejudicial to his defense. Furthermore, he asserts the trial court did not ask either of these jurors whether the information given them by appellant would affect their deliberations, nor did they explicitly claim that their encounter with the appellant would have no such effect. However, the judge did admonish each of the jurors that they were not to consider anything the appel-

lant may have said in their deliberations, to which they agreed. In addition, the judge admonished the jurors not to divulge any information about their encounter with the rest of the panel.

During an early recess, the appellant approached juror Samford while he was waiting for the elevator. Before Samford realized what was happening, the appellant reached out and shook his hand and introduced himself. The appellant may have said something about meeting Samford the day before. Samford, upon realizing who the appellant was, stood by stonefaced and did not reply. The judge admonished Samford not to use this encounter in any part of his deliberations, and Samford agreed.

In another recess, the appellant entered the elevator with two other jurors. He attempted to exchange pleasantries with them, but the two stood by quietly not acknowledging him. The appellant then asked them how they felt about the trial's progress and said something about alcohol or drug use. The two jurors continued to ignore him. They then got off the elevator and walked away from him. During the court's examination of juror Tanner, the following colloquy occurred:

> THE COURT: Okay. What was it that he said to you?
>
> THE JUROR: He asked us how it was going, how we thought it was going, and made a remark about the alcohol and something about the drugs that was very— this part I am not even sure I even heard. Sounded like he just said Rosemary or basil or, you know, because I am not familiar with that kind of stuff; but, did refer to something like that. Okay.
>
> THE COURT: Obviously, this is not to be any part of your deliberations?
>
> THE JUROR: No, it has no—
>
> THE COURT: Okay.
>
> THE JUROR: I have no problem with that.
>
> THE COURT: Okay. Great. If you would, please, when you go back to the

---

[1] The Honorable D. Camille Hutson–Dunn, retired Justice, Court of Appeal, First District of Texas at Houston, sitting by assignment.

jury room, please don't discuss the fact that you and I have had this conversation outside the presence of the rest of the jury.

THE JUROR: In fact, I never said anything. Neither one of us said to the other jurors what was said to us. Just the one was spoken to and how we should handle it. (sic)

The court then examined juror Park. When asked whether there had been any conversation in the elevator between anybody about the case, Park replied that there had not been and that he had heard nothing about the case. He did relate that the appellant asked him what he thought, to which he did not reply. The court then admonished Park not to use this contact with the appellant in his deliberations and not to speak about it with any of the other jurors.

Article 36.22 of the Code of Criminal Procedure states "No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court." TEX.CODE CRIM. P. ANN. art. 36.22 (Vernon 1981). Rule 30 of the Rules of Appellate Procedure provides that a new trial shall be granted an accused where a juror has conversed with any other person in regard to the case. TEX.R.APP. P. 30(b)(7). It appears no Texas case has addressed the situation presented here involving a defendant who initiates unauthorized conversation with jurors.

The difficulty with treating a defendant initiating jury contact like other instances of unauthorized conversation with the jury is that it gives a defendant the power to create a mistrial by his own actions. The general rule is that injury is presumed whenever a juror receives information about the case from an unauthorized source. Thus, if a defendant or his agent gives a juror information about the case it is impossible for the trial court to avoid granting a mistrial. A defendant who does not like the way the trial is going can deliberately cause a mistrial by engaging in such unauthorized conversation with jurors. By treating the error as reviewable, the foundation is laid for requiring a trial court to declare a mistrial whenever a

defendant engages in a more blatant violation of article 36.22.

██ It is a well-settled principle of law that an accused cannot invite error and then complain of it. *See Ex parte Guerrero*, 521 S.W.2d 613, 614 (Tex.Crim.App.1975). The rule applies when a defendant is the "moving factor" creating the error. *Id.*

There is no question that the appellant was the moving factor creating the error in this case. Accordingly, we hold the rule of invited error applies here to preclude our review of point of error one.

The judgment is affirmed.

En banc review requested by TAFT, J., with respect to the first point of error. TEX.R.APP. P. 100(f).

SCHNEIDER, C.J., and COHEN, MIRABAL, O'CONNOR, WILSON, HEDGES, TAFT and NUCHIA, JJ., voted for en banc review.

ANDELL, J., voted against en banc review. Joining in this portion of the opinion are SCHNEIDER, MIRABAL, COHEN, WILSON, HEDGES and NUCHIA, JJ.

ANDELL, J., concurring in the opinion on point of error one, joined by O'CONNOR and HUTSON–DUNN, JJ.

ANDELL, Justice, concurring.

The discussion of the remaining points of error does not meet the criteria for publication Tex.R.App.P. 90, and is thus ordered not published.

ANDELL, Justice, concurring.

I concur with the majority's resolution of the first point of error, concerning jurors receiving information from an unauthorized source. I would overrule the point of error. However, I would not analyze it under the doctrine of invited error. The majority extends the doctrine of invited error too far by including actions by a defendant alone that do not involve an action by the court. In this case, the appellant filed a motion for mistrial based on the fact that the jury had been exposed to evidence from an outside source,

namely himself. The judge did not grant the mistrial.

Invited error is defined as: "In appellate practice, the principle of invited error is that if, during the progress of a cause, a party requests or moves the court to make a ruling which is actually erroneous, and the court does so, that party cannot take advantage of the error on appeal or review." BLACK'S LAW DICTIONARY 543 (6th edition)(1990).

The Court of Criminal Appeals has applied invited error when the defendant has "invited" the court to do something, the court has then done the act, and thereafter the defendant complains of the court's action. *See Kelley v. State*, 823 S.W.2d 300, 302 (Tex. Crim.App.1992) (defendant requested a name change, trial court changed indictment to reflect name change, when defendant complained the name change was error, the court held any objection was waived); *Capistran v. State*, 759 S.W.2d 121, 124 (Tex.Crim.App. 1988) (defendant requested the trial proceed on the evidence presented during an earlier trial, trial court did so, and then defendant complained on appeal the trial court erred in receiving evidence without appellant's written consent, appellate court held objection waived); *Livingston v. State*, 739 S.W.2d 311, 341 (Tex.Crim.App.1987) (defendant requested a charge, the court gave the charge requested, when defendant complained the charge was error, appellate court held error was invited.); *Murphy v. State*, 640 S.W.2d 297, 299–300 (Tex.Crim.App.1982) (appellate court held defendant was estopped from complaining about the legality of a search when he elected to prevent any disputed fact issue from coming before jury); *Cadd v. State*, 587 S.W.2d 736, 741 (Tex.Crim.App.1979) (appellate court held defendant in no position to complain about the charge given because the defendant requested the charge); *Holmes v. State*, 140 Tex.Crim. 619, 146 S.W.2d 400, 403 (App.1940) (defendant objected to the wording of the charge, the wording was taken out, then defendant complained the wording was not in the charge, appellate court held defendant invited error and could not complain).

A review of the appellate court decisions also shows the doctrine of invited error has only been applied when there has been an "invitation" by the defendant to the court to commit error, the court does what was requested, and thereafter the defendant complains of that action. *See McCray v. State*, 861 S.W.2d 405, 409 (Tex.App.—Dallas 1993, no pet.) (court held defendant invited error when he rejected a defensive issue in the charge and then complained when it was not put in); *Mann v. State*, 850 S.W.2d 740, 742 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd) (defendant who stipulated to evidence and told court to take judicial notice of all testimony and evidence presented at another hearing, invited trial court error and could not complain on appeal); *Ex parte Hargett*, 827 S.W.2d 606, 607–608 (Tex.App.—Austin 1992, pet. ref'd) (defendant invited error when he told the court the case could be decided on the record and then complained on appeal that he was denied an evidentiary hearing); *Rivera v. State*, 684 S.W.2d 174, 176 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd) (defendant invited error when he put his own character at issue, trial court allowed in State's evidence about his character, and on appeal defendant contends trial court erred in allowing it in).

In this case, only juror Tanner heard anything from appellant about the case. Therefore, the two other jurors' interactions with the appellant did not prejudice him in any way, and the trial court did not err in denying the appellant's motion for mistrial based on their testimony alone. Tanner did hear something relating to the trial but was unsure exactly what it was she heard. She could not specifically relate what she heard or how it related to the trial. Of course, information that the appellant was intoxicated or was using drugs at the time of the offense could prejudice the appellant's case. However, Tanner agreed that she would not use the information in any way during her deliberations. She also agreed not to discuss the matter with any other juror.

I would resolve point of error one by holding that the trial court did not err in denying the appellant's motion for mistrial because the appellant did not show how he was harmed by his discussions with the jurors.

This case should not expand the invited error doctrine to a situation that involves a

defendant's actions alone. The appellant did not "invite" the court to commit error and the court committed no error.

O'CONNOR and HUTSON–DUNN, JJ., join this concurrence.