**Opinion issued November 19, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00435-CR

_____

**CATLIN WAYNE BRISCOE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 89th District Court**[*]
**Wichita County, Texas**
**Trial Court Case No. 58,221-C**

---

[*] Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal from the Court of Appeals for the Second District of Texas to this Court. *See* Misc. Docket No. 18-9049, Transfer of Cases from Courts of Appeals (Tex. Mar. 27, 2018); *see also* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases). We are unaware of any conflict between precedent of that court and that of this court on any relevant issue. *See* TEX. R. APP. P. 41.3.

**MEMORANDUM OPINION**

Catlin Wayne Briscoe was indicted for felony murder for causing the death of a 19-month-old child while committing a felony. *See* TEX. PENAL CODE § 19.02(b)(3). The jury convicted Briscoe of recklessly causing serious injury to a child and assessed his punishment at 14 years' imprisonment. *See id.* § 22.04(a)(1). In one issue, Briscoe argues that the trial court erred in including reckless bodily injury to a child as a lesser-included offense in the jury charge.

We affirm.

**Background**

Briscoe lived with his girlfriend and her 19-month-old child in Wichita Falls. While home alone with the toddler in August 2014, Briscoe called 911 because the child was unresponsive. Emergency personnel performed CPR, and the toddler was taken to the hospital. Though she was resuscitated, she died a few days later. Briscoe claimed that he gave her a bath and was drying her off when she went limp and her eyes rolled back in her head. The autopsy results showed that she had a five-inch skull fracture.

Briscoe was indicted for felony murder, specifically committing or attempting to commit an act clearly dangerous to human life—striking the victim with or against a hard or soft object or surface—while committing or attempting to commit the felony of injury to a child. Outside the presence of the jury, defense

counsel told the court that Briscoe wished to request a reckless serious bodily injury to a child charge ("the reckless charge"). Later the trial court informed Briscoe that the court was "having trouble finding evidence to support a reckless act" and suggested he develop such evidence if he wanted the reckless charge submitted to the jury. After the parties rested and closed, the trial court held a charge conference, and the State agreed to allow the reckless charge. The court instructed the jury to consider whether Briscoe committed felony murder based on an intentional or knowing felony, and if they found he did not, then consider whether he committed the reckless charge. The court informed Briscoe, "You don't get to request a lesser included because the State's requested the one that you wanted and it's in there, so . . . ." Briscoe did not object to the charge.

The verdict form submitted to the jury allowed the jury (1) to convict Briscoe of felony murder for causing the death of the child by striking her with a hard or soft object while committing the felony of intentional or knowing injury to a child, (2) to convict him of recklessly causing serious bodily injury to a child, or (3) to find him not guilty. The jury found Briscoe guilty of reckless injury to a child. He appealed.

## Discussion

Briscoe argues that the trial court reversibly erred by including the reckless charge as a lesser-included offense to the indicted offense of felony murder. The

3

State responds that Briscoe is estopped from complaining about the charge on appeal because he invited the alleged error. We affirm.

## A.     Standard of Review and Applicable Law

In analyzing a jury charge issue, our first duty is to determine whether error exists. *Tottenham v. State*, 285 S.W.3d 19, 30 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (citing *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003)). Only if we find error do we then consider whether an objection to the charge was made and analyze for harm. *Tottenham*, 285 S.W.3d at 30. If error exists to which no objection was lodged, we reverse only if the error was so egregious and created such harm that appellant was denied a fair trial. *Id.*

The invited error doctrine estops a party from making an appellate error of an action it induced. *See Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999); *Franks v. State*, 961 S.W.2d 253, 255 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding appellant may not act as "moving factor" creating error at trial and then raise that error on appeal). "It is a long-standing rule that a defendant may not request a charge and when that charge is given as requested, complain on appeal of any error. Error, if any, was invited." *Livingston v. State*, 739 S.W.2d 311, 341 (Tex. Crim. App. 1987) (citations omitted); *see also Willeford v. State*, 72 S.W.3d 820, 823–24 (Tex. App.—Fort Worth 2002, pet.

4

ref'd) (concluding appellant could not complain on appeal of charge error stemming from instructions he requested).

## B.    Analysis

Even if Briscoe invited the court to charge him with the reckless charge, we find no error in the jury charge.

A person commits the offense of felony murder if, in the course of committing a felony other than manslaughter, he commits an act clearly dangerous to human life that causes the death of an individual. TEX. PENAL CODE § 19.02(b)(3). In other words, felony murder is a murder committed in the course of committing a felony. *See Rodriguez v. State*, 454 S.W.3d 503, 507 (Tex. Crim. App. 2014) (quoting *Fuentes v. State*, 991 S.W.2d 267, 272 (Tex. Crim. App. 1999)). A person commits the offense of injury to a child if he "intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child . . . (1) serious bodily injury; (2) serious mental deficiency, impairment or injury; or (3) bodily injury." TEX. PENAL CODE § 22.04(a). An offense is a lesser-included offense when it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission. TEX. CODE CRIM. PROC. art. 37.09(3).

The indictment charged Briscoe with committing an act clearly dangerous to human life that caused the death of the 19-month-old child while in the course of

5

committing "injury to a child." The indictment did not specify a required mental state for the underlying felony. But the jury charge was more specific. It specified that in order to find Briscoe guilty of murder, the jury must find that he committed intentional or knowing injury to a child. The court's charge read:

> Now, if you find from the evidence, beyond a reasonable doubt that on or about the 20th day of August, 2014, in Wichita County, Texas, the defendant Catlin Wayne Briscoe did then and there commit an act or attempt to commit an act, clearly dangerous to human life, to wit: by striking [the child] with or against a hard or soft object or surface, that caused the death of [the child], and the defendant was then and there in the course of and in the furtherance of the commission or attempted commission of a felony, to wit: **Intentional or Knowing** Injury to a Child, then you will find the defendant guilty of Murder as alleged in the indictment.

> If you do not so believe, or if you have a reasonable doubt thereof then you will find the Defendant not guilty of murder and next consider, if the defendant is guilty of the lessor [sic] included offense of **Reckless** Injury to a Child—Serious Bodily Injury.

(emphasis added).

Briscoe argues that the jury charge is erroneous because by including the reckless charge, it included a lesser-included offense of manslaughter, which by statute cannot be the predicate felony for felony murder. *See* TEX. PENAL CODE § 19.02(b)(3). We disagree. The Court of Criminal Appeals recently held that injury to a child is not a lesser-included offense of manslaughter for the purposes of the felony murder statute, and here, the charge permitted the jury to convict Briscoe of felony murder only based on an intentional or knowing underlying

6

felony. *See Fraser v. State*, — S.W.3d —, 2019 WL 4308659, at \*1 (Tex. Crim. App. Sep. 11, 2019) *reh'g denied* (Oct. 30, 2019).

The charge instructed the jury to consider whether Briscoe was guilty of murder that occurred while he committed an intentional or knowing injury to a child. It did not authorize a felony murder conviction based on a reckless act. We hold that the jury charge was not erroneous. *Tottenham*, 285 S.W.3d at 30.

We overrule Briscoe's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).

7